IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RICHARD DeBLOIS, | * | |
| Petitioner | * | |
| v. | * | Civil Action No. CCB-12-100 |
| WARDEN, | * | |
| Respondent | * | |
| | *** | |

## MEMORANDUM and O R D E R

On May 30, 2012, the court directed respondents to answer petitioner Richard DeBlois's petition for writ of habeas corpus. ECF No. 7. Respondents argue that the petition should be dismissed in its entirety, unless petitioner waives review of certain claims, because the petition contains both exhausted and unexhausted claims. ECF No. 10.

On March 17, 2008, DeBlois entered a guilty plea in the Circuit Court for Baltimore County to one count of first degree assault. ECF No. 10, Exs. 1 & 2. On September 3, 2008, he was sentenced to serve twenty-five years imprisonment.[1] *Id.*, Ex. 3.

DeBlois noted a timely application for leave to appeal arguing solely that the sentence imposed was excessive. *Id.*, Ex. 4. The application for leave to appeal was summarily denied by the Court of Special Appeals of Maryland on March 22, 2010. The court's mandate issued on April 22, 2010. *Id.*, Ex. 5.

On October 3, 2008, while his application for leave to appeal was pending, DeBlois initiated post-conviction proceedings. *Id.*, Exs. 1 & 6. The petition, as supplemented and argued at the post-conviction hearing, alleged that: (a) trial counsel was ineffective for failing to (1) file

---

[1] A September 12, 2008, application for review of sentence was denied on January 23, 2009. ECF No. 10, Ex. 1, at 7.

for post-sentence relief, (2) move to withdraw his guilty plea based on violation of Maryland Rule 4-243(b), and (3) raise a violation of Maryland Rule 4-243(b) in the application for leave to appeal the entry of guilty plea; and (b) his guilty plea was unknowing and involuntarily entered due to the court's noncompliance with a Maryland Rule requiring the court to inform DeBlois that he could withdraw his plea on the basis that the sentence exceeded the prosecutor's recommendation. *Id*., Exs. 6-10. The post-conviction court issued an order granting DeBlois the right to file a belated motion for reconsideration of sentence, but otherwise denied relief. *Id*., Ex. 10. DeBlois filed an application for leave to appeal the denial of post-conviction relief, which was denied summarily by the Court of Special Appeals on March 12, 2012. The court's mandate issued on April 2, 2012. *Id*., Ex. 12.

In the instant petition, DeBlois maintains that: (a) trial counsel was ineffective for (1) failing to file adequate pleadings to undo the result of the guilty plea, and (2) manipulating him into entering a guilty plea; (b) he should have been found not criminally responsible for the crime; (c) the judge, prosecutor and defense attorney misled him into entering a plea and the trial court breached the plea agreement by sentencing him to the maximum 25 years in prison; (d) the guilty plea was defective because he was intoxicated; and (e) the trial court was biased and discriminated against him. ECF Nos. 1 & 5.

Under *Rose v. Lundy*, 455 U.S. 509 (1982), before a petitioner may file a petition seeking habeas relief in federal court, he must exhaust each claim presented to the federal court through remedies available in state court. This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. *See generally* 28 U.S.C. § 2254(b) and (c). To exhaust a claim through post-conviction proceedings, the claim must be raised in a petition filed in the Circuit Court and in an application for leave to appeal to

the Court of Special Appeals. *See* Md. Crim. Proc. Code Ann. § 7-109. If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted. *See* Md. Cts. & Jud. Proc. Code Ann., § 12-202. However, if the application is granted but relief on the merits of the claim is denied, the petitioner must file a petition for writ of certiorari to the Court of Appeals. *See Williams v. State*, 292 Md. 201, 210-11 (1981).

The law is well established that a petition containing claims which have not been exhausted in the state courts must be dismissed without prejudice to afford the petitioner the opportunity to pursue available state remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973); *see also Ali v. State of Florida*, 777 F.2d 1489 (11th Cir. 1985). The court has reviewed the documents submitted and finds that there is no clear indication that DeBlois has directly exhausted available state court remedies as to his claims that: his defense attorney manipulated him into entering a guilty plea; he should have been found not criminally responsible; the plea was defective because he was intoxicated; and the trial court was biased.

DeBlois is advised, however, that a one-year statute of limitations applies to this federal habeas petition. *See* 28 U.S.C. § 2244(d);[2] *Wall v. Kholi*, 131 S. Ct. 1278, 1283 (2011). The one-

---

[2] This section provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

year period is tolled while properly filed post-conviction proceedings are pending and may otherwise be equitably tolled. *See* 28 U.S.C. § 2244(d)(2); *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000). Dismissal of the instant petition could result in any future petition being barred as outside the applicable statute of limitations.

DeBlois is further advised that should he waive consideration of the apparently unexhausted claims and request this court proceed with his exhausted claims, he would be barred from bringing a second petition in this court asserting the currently unexhausted claims, even if he returned to state court to exhaust those claims, as he may only file a second federal habeas corpus petition if he has moved the appropriate federal circuit court for an order authorizing this court to consider the application. *See* 28 U.S.C. § 2244(b)(3); *Evans v. Smith*, 220 F.3d 306, 323 (4th Cir. 2000).

In light of the foregoing, DeBlois shall be granted twenty-one days from the date of this Order to advise how he wishes to proceed.  He may proceed by waiving consideration of any unexhausted claim, recognizing that he may not later bring the now unexhausted claim without permission from the Fourth Circuit Court of Appeals, or he may have the court dismiss the entire petition without prejudice, so that he can attempt to reopen state post-conviction proceedings, with the caveat that he may be barred from consideration of any of his claims by this court in the

---

recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)     the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

future if he is unable to complete state court review and return to federal court in a timely manner. If the court fails to hear from DeBlois in the time provided, the court will deem the unexhausted claims waived.

Accordingly, it is this 12th day of April, 2013, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Petitioner is GRANTED twenty-one days from the date of this Order to file a reply as directed herein; and

2. The Clerk shall SEND copies of this Order to petitioner and to counsel of record.

                                                              _____/s/_____
                                                              Catherine C. Blake
                                                              United States District Judge