IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RICHARD DeBLOIS,                       *
        Petitioner,
    v.                                 *   CIVIL NO. CCB-12-100

WARDEN, et al.,                       *
        Respondent.
                                     ***

**<u>MEMORANDUM</u>**

Richard DeBlois, a Maryland prisoner, seeks relief under 28 U.S.C. § 2254. A response to his petition has been filed, to which DeBlois has replied. The matter is now ready for dispositive review. The court finds no need for a hearing. *See* Rules Governing Section 2254 Cases in the United States District Courts, Rule 8(a); Local Rule 105.6 (D. Md. 2014). For the reasons to follow, the petition will be denied.

**BACKGROUND**

Richard DeBlois pleaded guilty to one count of first degree assault on March 17, 2008, in the Circuit Court for Baltimore County. (*See* Response, Ex. 2, Plea Tr., ECF No. 10-2.) The State indicated that it would request a ten-year sentence and that the defense could argue in favor of any sentence it felt was appropriate. (*See* Plea Tr. 4.) During the plea colloquy, DeBlois's counsel and the court repeatedly advised DeBlois that, notwithstanding the State's recommendation that DeBlois receive a ten-year sentence, the court could impose a sentence of up to 25 years, which DeBlois indicated he understood. (*See* Plea Tr. 5, 8–9, 15–17.) During DeBlois's plea colloquy, he emphasized his hope that he would be recommended for drug treatment as part of his sentence. (*See* Plea Tr. 12.) The court, however, advised DeBlois that it

1

was making no promises regarding recommendation for drug treatment, and DeBlois acknowledged he might not receive such treatment. (*See* Plea Tr. 13–14.) DeBlois asked to enter an *Alford*[1] plea, acknowledging that the evidence against him was "overwhelming." (Plea Tr. 9–10.) The court agreed to entry of an *Alford* plea, and found his plea "free, knowing, voluntary and intelligent." (*See* Plea Tr. 9, 18.)

The facts proffered in support of the guilty plea indicated that on June 7, 2007, Baltimore County Police responded to a call of a "suspicious subject," later identified as DeBlois. (Plea Tr. 18.) Officer Jason Gensel observed DeBlois walking down Old Eastern Avenue with his face inside a brown paper bag. (*See* Plea Tr. 19.) Gensel approached DeBlois and twice requested he stop and turn around. (*See* Plea Tr. 19.) Gensel then moved closer to DeBlois, who "turned and threw liquid on to the officer's face." (Plea Tr. 20.) The liquid was later identified as paint thinner. (*See* Plea Tr. 20.)

Gensel struck DeBlois with his baton, which DeBlois knocked away before throwing more paint thinner in the officer's face. (*See* Plea Tr. 20.) Gensel tackled DeBlois but, blinded by the paint thinner, he was unable to fully subdue DeBlois, who attempted to take Gensel's gun. (*See* Plea Tr. 20.) Bystanders then intervened to assist Gensel in gaining control over DeBlois until other officers arrived. (*See* Plea Tr. 20.) Those bystanders were prepared to testify at trial as to the event described. (*See* Plea Tr. 20–22.) Gensel injured his right wrist and suffered irritation to both eyes as a result of the altercation. (*See* Plea Tr. 22.) The defense offered no additions or corrections to the facts as read into the record, and the court found the facts supported DeBlois's plea of guilty to first degree assault. (*See* Plea Tr. 22.) After accepting the

---

[1] *North Carolina v. Alford*, 400 U.S. 25 (1970).

guilty plea, the court took a victim impact statement from Gensel, who testified that he believed that his fight with DeBlois was a fight for his life. (*See* Plea Tr. 25.)

At sentencing on September 3, 2008, the State proffered that DeBlois had 21 prior convictions, including seven for assault and three for resisting arrest. (*See* Response, Ex. 3, Sentencing Tr. 12, ECF No. 10-3.) During allocution, DeBlois characterized himself as a victim because he suffered serious injuries during the altercation. (*See* Sentencing Tr. 14–15.) He stated he was sorry, but added that he did not deserve to be punished for the offense, opining that the State's request for a ten-year sentence was "outrageous." (Sentencing Tr. 15.) Reviewing the facts of the case, DeBlois's record, and his lack of remorse, the court sentenced DeBlois to 25 years in prison. (*See* Sentencing Tr. 17–21.)

Petitioner noted a timely application for leave to appeal, arguing solely that the sentence imposed was excessive. (*See* Response, Ex. 4, ECF No. 10-4.) The application for leave to appeal was summarily denied by the Court of Special Appeals of Maryland on March 22, 2010. (*See* Response, Ex. 5, ECF No. 10-5.) The court's mandate issued on April 22, 2010.[2]

On October 3, 2008, while his application for leave to appeal was pending, DeBlois initiated post-conviction proceedings. (Docket 8; Response, Ex. 6, ECF No. 10-6.) The initial pro se petition, as supplemented by two additional filings drafted by counsel, alleged (A) that counsel was ineffective for failing (1) to file for post-sentence relief; (2) to move to withdraw his guilty plea based on violation of Maryland Rule 4-243(b); and (3) to raise a violation of Maryland Rule 4-243(b) in the application for leave to appeal the entry of guilty plea; and (B) that his guilty plea was unknowing and involuntarily entered due to the court's noncompliance

---

[2] A three-judge panel reviewed DeBlois's sentence, but declined to modify it. (*See* Response, Ex. 1, Docket 7, ECF No. 10-1.)

3

with a Maryland Rule requiring the court to inform petitioner that he could not withdraw his plea if his sentence exceeded the prosecutor's recommendation. (*See* Response, Exs. 6–8, ECF Nos. 10-6, 10-7, 10-8.) The post-conviction court issued an order granting DeBlois the right to file a belated motion for reconsideration of his sentence, but otherwise denied relief. (*See* Response, Ex. 10, Md. Post-Conviction Op. 9, ECF No. 10-10.) DeBlois filed an application for leave to appeal the denial of post-conviction relief, which the Court of Special Appeals denied summarily on March 1, 2012. (*See* Response, Exs. 11–12, ECF Nos. 10-11, 10-12.) The court's mandate issued on April 2, 2012.

In this petition, DeBlois maintains (A) that counsel was ineffective (1) for failing to file adequate pleadings to undo the result of the guilty plea, including via a post-sentence motion to withdraw his plea or via an appropriate application for leave to appeal, and (2) for manipulating him into entering a guilty plea; (B) that he should have been found not criminally responsible for the crime; (C) that the judge, prosecutor, and defense attorney misled him into entering a plea and the trial court breached the plea agreement by sentencing him to the maximum 25 years in prison; (D) that the guilty pleas was defective because he was intoxicated; and (E) that the trial court was biased and discriminated against him. (Petition, ECF No. 1; Supp. Petition, ECF No. 5.)

Respondents argued that, unless DeBlois waived review of certain unexhausted claims, the petition should be dismissed in its entirety because it contained both exhausted and unexhausted claims. (*See* Response, ECF No. 10.) On April 12, 2013, the court issued an order advising DeBlois that there was no indication that he had exhausted available state court remedies regarding his claims: that he was manipulated into entering a guilty plea by his lawyer;

4

that he should have been found not criminally responsible; that the plea was defective because he was intoxicated; and that the trial court was biased. (*See* Order 3, ECF No. 13.) The order directed DeBlois to advise the court how he wished to proceed. (*See* Order 4–5.) In response, DeBlois waived the unexhausted claims and proceed to a substantive review of the remaining claims. (*See* Reply, ECF No. 14.)

Accordingly, the court directed respondents to file a supplemental response to the merits of DeBlois's exhausted claims. (*See* Order, ECF No. 16.) The court is in receipt of that supplemental response, (ECF No. 16), and DeBlois's reply, (ECF No. 17).

## ANALYSIS

**I. Standard of Review**

Under 28 U.S.C. § 2254(d), a federal court may not grant a writ of habeas corpus on a claim already "adjudicated on the merits in State court proceedings unless the adjudication of the claim – (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." An adjudication is contrary to clearly established federal law where the state court (1) "arrives at a conclusion opposite to that reached by th[e Supreme] Court on a question of law," or (2) "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to [the Supreme Court]." *Williams v. Taylor*, 529 U.S. 362, 405 (2000). As to the unreasonable application of Supreme Court law, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness

of the state court's decision." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). It follows that state courts receive greater deference in applying general standards than specific rules, about which there can be less disagreement. *Id.* "[I]t is not an unreasonable application of clearly established Federal law for a state court to decline to apply a specific legal rule that has not been squarely established by th[e Supreme] Court." *Id.* (first alteration in original) (quoting *Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009)).

**II. Adequacy of Guilty Plea**

DeBlois first argues that his guilty plea was not knowing and intelligent insofar as it was inconsistent with Maryland 4-243(b).[3] That Rule provides:

> The court shall advise the defendant at or before the time the State's Attorney makes a recommendation that the court is not bound by the recommendation, that it may impose the maximum penalties provided by law for the offense to which the defendant pleads guilty, and that imposition of a penalty more severe than the one recommended by the State's Attorney will not be grounds for withdrawal of the plea.

Md. R. 4-243(b). DeBlois maintains that he was not advised that he would be unable to withdraw his plea on the ground that the court imposed a sentence greater than the one recommended by the State's Attorney.

That claim is procedurally defaulted. Where a state court denies a state prisoner's claim on the basis of an adequate and independent state procedural rule, that claim is procedurally defaulted and usually cannot be considered in a federal habeas petition. *See, e.g.*, *Sharpe v. Bell*,

---

[3] To the extent DeBlois premises his claim solely on the trial court's noncompliance with the specific requirements of the Maryland Rules prior to accepting his plea, such a claim is unavailing. Issues of state law do not give rise to a federal question. *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). To the extent DeBlois makes a separate, constitutional argument premised on his ignorance of the information contained in Maryland's statutorily prescribed colloquy, that argument is examined in the body of this memorandum.

593 F.3d 372, 377 (4th Cir. 2010). The state court does not waive that procedural default when it also considers a prisoner's claim on the merits "as an alternative basis for dismissal." *Id.* Here, the Circuit Court for Baltimore County dismissed DeBlois's claim, presented in a petition for post-conviction relief, on the ground that he "should have, but failed to challenge the issue of whether his plea was knowing and intelligent in his application for leave to appeal, and therefore there is a rebuttable presumption of waiver. MD CODE ANN., CRIM [PROC.] § 7-106(b)(2)." (Md. Post-Conviction Op. 7). The court held that DeBlois had not rebutted that presumption or otherwise excused the default. (*See* Md. Post-Conviction Op. 7–8). DeBlois does not argue that Maryland's waiver rule is not adequate and independent. Nor could he readily do so. *See Oken v. Corcoran*, 220 F.3d 259, 264–65 (4th Cir. 2000) (holding Maryland's waiver rule adequate and independent). The claim is thus procedurally defaulted.

Even were it otherwise, the Maryland post-conviction court's rejection of DeBlois's claim on the merits, as an alternative basis for its decision, was not an unreasonable application of Supreme Court law under 28 U.S.C. § 2254(d)(1).[4] The Constitution requires that a guilty plea be voluntary and intelligent. *See, e.g.*, *Brady v. United States*, 397 U.S. 742, 747 (1970). Deviation from a statutorily prescribed plea colloquy, however, does not in itself amount to a constitutional violation. *See, e.g.*, *United States v. Timmreck*, 441 U.S. 780, 783–84 (1979). DeBlois points to no Supreme Court case requiring confirmation, on the record, that a defendant understands he may not withdraw his plea if the court imposes a sentence greater than the one recommended by the government. Nor has independent research revealed any such case. Here, after reviewing the transcript of DeBlois's plea colloquy, the Maryland post-conviction court

---

[4] "[A]n alternative merits determination to a procedural bar ruling is entitled to AEDPA deference." *Stephens v. Branker*, 570 F.3d 198, 208 (4th Cir. 2009).

7

concluded that DeBlois entered his guilty plea knowingly and voluntarily. Indeed, the court emphasized that DeBlois had acknowledged understanding the repeated admonitions of defense counsel and the court that he faced the possibility of receiving a sentence greater than that suggested by the State. (*See* Md. Post-Conviction Op. 5–6.) That conclusion was not an unreasonable application of the Supreme Court's general standard that a guilty plea be voluntary and intelligent.

### III. Ineffective Assistance of Counsel

DeBlois next asserts (1) that his trial counsel was constitutionally ineffective for failing to move to withdraw his plea on the basis of the violation of Maryland Rule 4-243(b) and (2) that his appellate counsel was constitutionally ineffective for failing to raise that same violation in his application for leave to appeal. When a petitioner alleges a claim of ineffective assistance of counsel, he must show both that counsel's performance was deficient and that the deficient performance prejudiced his defense. *See, e.g.*, *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To demonstrate deficient performance, a petitioner must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689). "The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Harrington*, 131 S. Ct. at 788 (internal citations omitted). To demonstrate prejudice, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. In the context of a plea bargain, that standard requires proof of "a reasonable probability that, but for counsel's errors, he

would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

DeBlois first argues that his trial counsel was ineffective for failing to move to withdraw his guilty plea under Maryland Rule 4-242(h) on the basis of the alleged violation of Maryland Rule 243(b), which requires advising a defendant that he cannot withdraw the plea if the court exceeds the state's recommended sentence. The Maryland post-conviction court held that ineffective assistance claim procedurally defaulted for failure to raise it on direct appeal. (*See* Md. Post-Conviction Op. 8.) In the alternative, the court continued, "no evidence of this allegation of error was presented at the hearing" it held on the claim. (Md. Post-Conviction Op. 8.) Indeed, although DeBlois testified at that hearing, he never claimed that he wished to withdraw his guilty plea in the immediate aftermath of his sentencing. (*See* Response, Ex. 9, Post-Conviction Tr., 6–13, ECF No. 10-9.) Thus, even if DeBlois had not procedurally defaulted the claim, the Maryland post-conviction court reasonably concluded that he had not demonstrated that the alleged error prejudiced him.

DeBlois next claims that his appellate counsel rendered ineffective assistance in failing to apply for leave to appeal his allegedly deficient plea colloquy. In DeBlois's application for leave to appeal, his counsel asserted only one claim, arguing that DeBlois's sentence was excessive. His attorney did not seek leave to appeal any other issues, she explained at the post-conviction evidentiary hearing, because she did not recognize any other viable claims. (*See* Post-Conviction Tr. 14.) Indeed, as the Maryland post-conviction court emphasized elsewhere in its opinion, DeBlois's claim that his plea colloquy was deficient was tenuous and did not entitle him to post-conviction relief. (*See* Post-Conviction Op. 6–7.) Similarly, the court concluded that failure to

9

assert that claim on appeal was not ineffective, because DeBlois had not demonstrated either deficient performance or prejudice. That conclusion is not unreasonable under Supreme Court law. The standard for deficient performance of appellate counsel recognizes that "[e]xperienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible . . . ." *Jones v. Barnes*, 463 U.S. 745, 751 (1983). For this reason, "the Supreme Court has . . . reiterated that 'it [will be] difficult to demonstrate that [appellate] counsel was incompetent." *Bell v. Jarvis*, 236 F.3d 149, 164 (4th Cir. 2000) (alteration in original) (quoting *Smith v. Robbins*, 528 U.S. 259, 288 (2000)). Accordingly, a defendant usually must demonstrate "that a particular nonfrivolous issue was clearly stronger than issues that counsel did present" on appeal. *Smith*, 528 U.S. at 288. Given the double deference due to claims of ineffective assistance of counsel decided on the merits by state courts, this court cannot hold the Maryland post-conviction court's application of this highly general standard unreasonable.

## IV. Certificate of Appealability

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a district court rejects a prisoner's claims on the merits, that standard is met if the prisoner "demonstrate[s] that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were adequate to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack*, 529 U.S. at 484). Where a district court rejects a prisoner's claims "on procedural grounds without reaching the prisoner's underlying

constitutional claim," the prisoner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As discussed above, most of DeBlois's claims fail both on the basis of procedural default and, alternatively, on the merits. None of his claims are sufficiently colorable to merit issuance of a certificate of appealability.

## CONCLUSION

For the reasons stated above, DeBlois's petition will be denied, and a certificate of appealability will not issue.

A separate order follows.

<u>December 31, 2014</u>                                  <u>          /S/          </u>
Date                                                                 Catherine C. Blake
                                                                     United States District Judge